UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORIO ROJAS, JOHN RINCON, LUIS GUERRERO, on behalf of themselves and all other similarly situated,<br><br>                    Plaintiff,<br><br>   -against-<br><br>TOP NOTCH FINISHES, INC. & CONOR MCKENNA,<br><br>                    Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION** |

Plaintiffs GREGORIO ROJAS, JOHN RINCON, LUIS GUERRERO, on behalf of themselves and all others similarly situated, by and through their attorneys, Harrison, Harrison & Assoc., Ltd, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.   Plaintiffs GREGORIO ROJAS, JOHN RINCON, and LUIS GUERRERO ("Plaintiffs") were employed as full-time non-exempt construction employees of Defendants subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et. seq.,* and the New York Labor Law ("NYLL").

2.   Plaintiffs bring this action on behalf of themselves and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting regulations.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court over this controversy is based upon 29 U.S.C. §

1

201 *et. seq.* and 28 U.S.C § 1331.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants do business in, and reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

6. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7. Plaintiff GREGORIO ROJAS is a resident of the State of New York.

8. Plaintiff GREGORIO ROJAS was employed by Defendants from in or about June, 2019 until July, 2022.

9. Plaintiff JOHN RINCON is a resident of the State of New York.

8. Plaintiff JOHN RINCON was employed by Defendants from in or about September, 2020 until October 11, 2022.

10. Plaintiff LUIS GUERRERO is a resident of the State of New York.

11. Plaintiff LUIS GUERRERO was employed by Defendants from in or about August, 2020 until September, 2022.

12. At all times relevant hereto, each of the Plaintiffs was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

13. Defendant TOP NOTCH FINISHES, INC. ("Top Notch") is a New York Corporation with its place of business located at 347 East 61st Street in Manhattan.

14. Defendant CONOR MCKENNA ("MCKENNA") is the owner, chairman/chief executive officer, President and/or Manager of Top Notch. Defendant MCKENNA has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

15. Defendant MCKENNA regularly acted as an owner of Top Notch, gave out work orders to Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and often inspected their work.

16. Defendants Top Notch and MCKENNA are referred to herein as the "Defendants".

17. At all times relevant hereto, each of the Defendants was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

18. At all times relevant hereto, the activities of Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. §203(r) & (s).

19. At all times relevant hereto, Defendants employed employees, including Plaintiffs, the FLSA Collective Plaintiff , and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

20. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

21. Defendants operate a construction business that "provides rough carpentry work for commercial and residential projects throughout the New York Metropolitan area" and claim to have "worked with some of the biggest General Contractors in NYC".[1]

22. Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members are all construction workers employed by Defendants to work on various commercial and/or residential construction projects in New York City.

23. At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work as non-exempt hourly construction workers ("Construction Workers").

24. At all times relevant hereto, Defendants had and exercised the power to control the work of Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

25. At all times relevant hereto, Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members hourly rates of between $24 and $30 per hour, for their work as Construction Workers for Defendants.

26. Defendants assigned Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to perform various construction related duties.

---

[1] https://www.linkedin.com/company/top-notch-finishes/ (accessed 11/28/2022). *See also* http://topnotchfinishes.com/services/ (accessed 11/28/2022).

4

27.     Defendants scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work Monday through Friday, as well as on Saturdays, resulting in them frequently working six days per week.

28.     On Mondays through Fridays, Defendants generally scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work eight hours per day, often from 7:00 AM to 3:30 PM, with a 30-minute unpaid lunch.

29.     On Saturdays, Defendants scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work from either 7:00 AM or 9:00 AM, until about 3:30 PM, resulting in them working six to eight hours per Saturday, after deducted a 30-minute unpaid lunch.

30.     In addition, two to three days per week, Plaintiffs, the FLSA Collective Plaintiff, and the Class Members were ordered by Defendants' supervisors, usually Martin or Orlando, to stay late and work beyond their scheduled shifts, resulting in them working at least two hours per day extra – for an additional four to six hours per week.

31.     In addition, Plaintiffs, the FLSA Collective Plaintiffs, and Class Members regularly clocked in early and started work early before 7:00 AM.

32.     Plaintiffs – and the FLSA Collective Plaintiffs and Class Members – thus regularly worked between 46 and 55 hours per week, or more (depending on whether or not they worked Saturdays).

33.     Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for <u>all</u> the hours that they worked before and/or after their regularly scheduled shifts.

34. In addition, Defendants regularly shaved hours off of Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members', total hours worked per week.

35. Defendants only paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for some – but not all – of the hours they worked for Defendants.

36. Thus, Defendants did not compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for all the time they worked for Defendants.

37. Furthermore, despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly working more than 40 hours per week, Defendants did not compensate them with overtime premiums, at the rate of one and one-half times their regular hourly rate of pay, for the hours they worked in excess of forty (40) hours in a workweek.

38. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

39. Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

40. Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

41. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions, and net wages for each employee.

42. Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

43. As a result of Defendants' failure to record, credit, and/or compensate Plaintiffs and the Collective Action Members for the full number of hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. Defendants' record keeping and notice violations prevented Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members from knowing their legal rights and from figuring out exactly how many hours Defendants failed to compensate them for.

45. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid wages for all of their hours worked and overtime premiums for all hours worked in excess of forty (40) hours in a workweek. Defendants knew that the nonpayment of their wages and overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

46. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

**COLLECTIVE ACTION ALLEGATIONS**

47. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as a

7

Construction Worker, or similar non-exempt employee, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

48. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules that willfully fails and refuses to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours in a workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

49. Other Construction Workers and similar non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Construction Workers and similar non-exempt employees with notice of this action and allow them to opt into the action if they so choose.

50. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and/or other permissible methods calculated to reach the member of the FLSA Collective.

**RULE 23 CLASS ALLEGATIONS – NYLL**

51. Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendants as Construction Workers and/or similar non-exempt employees, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

52. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from the records that Defendants are required to maintain. Notice can be provided by means permissible under FRCP Rule 23.

53. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least two hundred members of the Class.

54. Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all hours worked and for all overtime hours worked as required by the NYLL and 12 NYCRR § 142-2.2, and in that Defendants failed to provide them with proper notices and wage statements as required by

9

NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

55. As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

56. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff has retained Harrison, Harrison & Associates, competent and experienced employment litigators.

57. A class action is superior to other available methods for the fair and efficient adjudication of wage and hour litigation such as this controversy where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result

in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58. Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because they fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

59. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to adequately compensate the Class Members for all hours worked <u>and</u> for all overtime hours worked as required by the NYLL, (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with the detailed wage statements required by NYLL § 195(3).

60. Absent a class action, many of the Class Members will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

61. Plaintiffs, on behalf of themselves and the FLSA Collective members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

62. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours in a workweek.

63. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages for all hours worked in excess of forty (40) hours in a workweek.

64. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

65. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should apply.

## SECOND CAUSE OF ACTION

### (Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

66. Plaintiffs on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

67. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

68. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime at the required rate for all hours worked in excess of forty (40) hours in any workweek.

69. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members for all hours worked.

70. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours in a workweek.

71. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

72. Plaintiff, on behalf of himself and the Class Members, seeks damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

**(Notice Violations, Record Keeping, & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

73. Plaintiffs on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

74. Defendants have willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL § 195(1), in English or in the languages identified by Plaintiff and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75. Defendants have willfully failed to supply Plaintiff and each Class Member with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

76. Defendants never provided Plaintiff and the members of the Class with an accurate statement of the number of hours that they worked each week.

14

77. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiff and the members of the Class statutory damages as specified by NYLL § 198.

78. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover statutory damages as provided for by NYLL § 198(1)-d, and NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiff and Class Representatives of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, statutory damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: November 28, 2022

       Respectfully submitted,

       HARRISON, HARRISON & ASSOCIATES

       __/S/ DAVID HARRISON___*David Harrison*
       David Harrison
       dharrison@nynjemploymentlaw.com
       Julie Salwen
       jsalwen@nynjemploymentlaw.com
       110 State Highway 35, Suite 10
       Red Bank, NJ 07701
       (718) 799-9111 Phone
       (718) 799-9171 Fax
       *Attorneys for Plaintiffs, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT A

     Soy una empleada actual o anterior de TOP NOTCH FINISHES, Inc. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

     Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Firmado este \_\_\_\_ dia de _____.   10/28/2022

_DocuSigned by:_
_[signature]_
A9F2300837B9465...
_____
                                                  Firma

John Rincon
_____
Nombre legal completo (deletreado)

Soy una empleada actual o anterior de TOP NOTCH FINISHES, Inc. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

11/7/2022

Firmado este ____ dia de _____.

DocuSigned by:

_____
F8A89096CDFD445...

                                                               Firma

Luis Guerrero

_____
Nombre legal completo (deletreado)

      Soy una empleada actual o anterior de TOP NOTCH FINISHES, Inc. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

      Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Firmado este ____ dia de 3/23/2022 _____.

DocuSigned by: Gregorio Rojas
BBFFCBC97DB441F...
_____
Firma

Gregorio Rojas
_____
Nombre legal completo (deletreado)