UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORIO ROJAS, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> TOP NOTCH FINISHES, INC., et al., <br><br> Defendants. | 22-cv-10105 (JLR) (JW) <br><br> **<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

The Court has been notified that mediation was unsuccessful.  It is hereby:

ORDERED that, to conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, that the parties must discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before Magistrate Judge Willis.

If both parties consent to proceed before Magistrate Judge Willis, they must, **within two weeks of the date of this Order**, submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is attached to this Order (and also available at https://nysd.uscourts.gov/forms/consent-proceed-us-magistrate-judge).  If the Court approves that form, all further proceedings will then be conducted before Magistrate Judge Willis rather than before this Court.  Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be from this Court if the consent form were not signed and so ordered.  An information sheet on proceedings before magistrate judges is also attached to this Order.

Additionally, it is FURTHER HEREBY ORDERED that if any party does not consent to be referred to the Magistrate Judge, the parties shall consider requesting a settlement conference before the Magistrate Judge.

If any party does not consent to conducting all further proceedings before the Magistrate Judge, the parties must file a joint letter, **within two weeks of the date of this Order**, advising the Court that the parties do not consent, **but without disclosing the identity of the party or parties who do not consent**.  No adverse consequences will result from the withholding of that consent.  In that joint letter, the parties shall also advise the Court whether they request a referral to a settlement conference.

The parties are reminded that, in most cases, settlements of claims under the FLSA must be approved by the Court.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Dated: April 3, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge