# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

June 23, 2023

<u>VIA ECF</u>

Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>Rojas et. al. v. Top Notch Finishes Inc. et. al.</u> 1:22-cv 10105-JLR

Dear Judge Rochon:

    We represent Plaintiffs Gregorio Rojas, John Rincon, and Luis Guerrero ("Plaintiffs") in the above-referenced matter and we write to advise the Court that Plaintiffs have entered into a settlement agreement ("Agreement") with Defendants Top Notch Finishes, Inc. and Conor McKenna ("Defendants"). Plaintiffs and Defendants jointly respectfully request that the Court approve the Agreement - attached hereto as Exhibit "1"- and the settlement of the wage and hour claims in this case as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation while retaining jurisdiction over the implementation of the Agreement.

    The terms of the Agreement provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of Defendants a wage and hour release, Defendants shall pay Plaintiffs a total of $57,500.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements, over the next five months.

    The Agreement reflects a compromise between Plaintiffs and Defendants. While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because, in addition to receiving their money much sooner, and not having to wait many months or years, it represents approximately the amount of Plaintiffs' estimated unpaid overtime wages ($57,437)[1] that they could have recovered had they won at trial. Further, the Settlement Amount is just five hundred dollars less than the court assigned mediator's (Kim Berg, Esq.) mediator's proposal, issued following the parties' March 23, 2023 mediation.

---

[1] Defendants' estimate of the unpaid overtime owed was about $5,800.00.

1

While Plaintiffs could have possibly recovered more monies after including liquidated damages, statutory penalties, interest and attorneys' fees and costs, in addition to the inherent risks of litigation, there were other risks involved in continuing to trial. One risk with proceeding to trial was that Plaintiffs did not have accurate records listing the total hours they worked. Further, Plaintiff anticipated difficulties finding witnesses to corroborate their version of how many hours they worked. As a result, Plaintiffs' damages calculations relied on certain estimations. Plaintiffs may therefore have had issues proving all of the unpaid overtime that they claim Defendants owe them. Thus, even if Plaintiffs would win at trial, the amount of damages they may recover could be less than the Settlement Amount.

Another factor involved in Plaintiffs' decision to settle this suit was because they wanted payment sooner, rather than having to wait many months or several years for payment. They also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial. They also did not want to take time off from work for depositions, settlement conferences, and trial.

Plaintiffs – and Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## ATTORNEYS' FEES & COSTS

From the Settlement Amount, $38,000.00 will be paid out to the three Plaintiffs, with Gregorio Rojas receiving 40%, or $15,200, and John Rincon and Luis Guerrero receiving 30%, or $11,400, each, as agreed upon between them (based on Gregorio Rojas having worked longer for Defendants), and $19,000.00 is allocated for attorneys' fees, plus costs in the amount of $500.00.[2]

The attorney's fees represent the one-third contingency - agreed upon by Plaintiffs in their retainer agreements – that is regularly approved in this circuit in FLSA and NYLL cases. *See Santos v. E T & K Foods, Inc.,* No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing cases); *Sumba Lema v. LIC Evergreen Cleaners Inc.,* No. 19-CV-836 (WFK) (LB), 2019 WL 6312378, at *4 (E.D.N.Y. Nov. 8, 2019)*, report and recommendation adopted*, No. 19-CV-836 (WFK) (LB), 2019 WL 6307412 (E.D.N.Y. Nov. 25, 2019) ("Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable*") (*citing cases*); Fernandez v. Masterypro Grp.,* No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); *Santiago v. Church Ave. Express Inc.*, No. 18-CV-1594(RJD)(LB), 2020 WL 1877968, at *4 (E.D.N.Y. Jan. 22, 2020) (finding "30% of the total settlement [to be] a

---

[2] Although the costs in this case totaled $552.00 (filing fee of $402 and process server fees of $150.00), Plaintiffs' counsel is only asking for reimbursement of $500.00 in costs).

reasonable and appropriate attorney's fee award"); *Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), *report and recommendation adopted,* No. 18-CV-4230 (FB) (LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) ( plaintiffs' attorney's fees in the amount of $10,000.00 should be approved as fair and reasonable in this case. This amount represents one-third of the proposed settlement.); *Shamsundar v. FCS Grp. LLC,* No. 18-CV-2514(KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019*)* (Finding that plaintiff's counsel's fee award of [one-third] in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit.) (citing cases).

The attorneys' fees agreed to by the parties in the Settlement Agreement of $19,000 is just slightly below the current[3] lodestar, which totals $19,347. The lodestar was calculated based on 37.5 hours billed by David Harrison, Esq., 1.98 hours billed by law clerk Rebecca Baume, J.D., as well as 3 paralegal hours, to date in this litigation.[4]

## **PLAINTIFFS' COUNSEL'S QUALIFICATIONS**

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded over twelve years ago. During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and NYLL wage and hour individual, multi-plaintiff, collective and putative class actions in various New York State Courts and administrative agencies, and in Federal Courts including the Southern and Eastern Districts of New York, the District of New Jersey, the Northern District of Illinois (admitted *pro hac vice*), the District of Connecticut (admitted *pro hac vice*), and the Central District of California (admitted *pro hac vice*). Mr. Harrison is licensed to practice law before all of the courts of the States of New York, New Jersey, and Florida, as well as the Southern and Eastern Districts of New York, the District of New Jersey, the Second Circuit Court of Appeals, the Third Circuit Court of Appeals, and the United States Supreme Court.

Over the last several years, Mr. Harrison and HHA have been appointed class/collective counsel or counsel for representative plaintiffs in numerous FLSA wage and hour collective/class actions. *See e.g. Ahmed Hegazy et. al. v. The Halal Guys, Inc. et. al.*, No. 22-CV-01880 (LGS) (S.D.N.Y., Sep. 2, 2022) (conditionally certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497 (MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison Class Counsel in a FLSA/NYLL case involving approximately 950

---

[3] Since there is a five-month payout, we will be continuing to spend time on this case over the payout period – which will further increase the lodestar.

[4] The rates were calculated based on hourly rates of $500/hour for David Harrison, $150/hour for Rebecca Baume, and $100/hour for Legal Assistant/Paralegal time.

3

certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Evan Hightower v. JPMorgan Chase Bank, N.A.*, CV 11-1802 (PSG)(PLA) (Cent. Dist. Calif., August 4, 2015) (granting final approval of $12 million FLSA collective and class action settlement involving over 149,000 class members); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members).

      In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and discontinue this case while retaining jurisdiction over the implementation of the Agreement.

      We thank the Court for its attention to this matter.

Respectfully submitted,

/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORIO ROJAS, JOHN RINCON, LUIS GUERRERO, On behalf of themselves and all other Similarly situated<br><br>*Plaintiffs,*<br><br>-against-<br><br>TOP NOTCH FINISHES, INC. and CONOR MCKENNA,<br><br>*Defendants.* | No. 1:22-cv-10105-JLR<br><br>**SETTLEMENT AGREEMENT** |

WHEREAS, the plaintiffs Gregorio Rojas, John Rincon and Luis Guerrero (collectively referred to herein as the "Plaintiffs"), and Top Notch Finishes, Inc. ("TNF") and Conor McKenna ("McKenna") (TNF and McKenna collectively the "Defendants," and together with the Plaintiffs, the "Parties"), desire to resolve, settle, and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint filed herein on November 30, 2022 (hereinafter the "Complaint") in the United States District Court for the Southern District of New York, Docket No. 1:22-cv-10105-JLR (the "Lawsuit"), without further litigation or adjudication;

WHEREAS, a dispute exists as to Plaintiffs claims for alleged unpaid overtime wages and other causes of action alleged in the Complaint;

WHEREAS, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in the Complaint;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement (the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt

or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and

    WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Voluntary Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and Defendants, as set forth below:

    NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

    1.    <u>Definition of Parties.</u>

        (a)    "<u>Releasor</u>" shall be defined to include the Plaintiffs in this Lawsuit for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, executors, trustees, representatives, agents; assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel.

        (b)    "<u>Releasees</u>" shall be defined to include Defendants herein, and each of their respective present or former spouse(s), dependents, heirs, executors, trustees, representatives, agents, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel, parent or affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, predecessors, administrators, and the current and former employees of each Defendant, and any otherwise related persons or entities who Plaintiffs claim or may claim employed Plaintiffs within the meaning of the Fair Labor Standards Act (the "<u>FLSA</u>") or the New York Labor Law (the "<u>NYLL</u>") at any time during their alleged employment with Defendants.

2.  **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiffs agree as follows:

(a) Plaintiffs will sign this Agreement, and they authorize their attorney to execute the Stipulation and Order of Voluntary Dismissal with Prejudice attached hereto as Exhibit A;

(b) After consultation with counsel, Plaintiffs knowingly and voluntarily release and forever discharge Releasees from all causes of action, claims, and suits that arise under or relate to the FLSA, the NYLL, and/or the New York Wage Theft Prevention Act and their respective implementing regulations, any other federal, state or local wage-hour, wage- payment, or labor laws, including without limitation those claims that are the subject of the above-referenced Lawsuit as well as claims relating in any way to unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other work-related compensation whatsoever (collectively, the "Wage Claims"), which against the Releasees, the Releasor may now have or hereinafter can, shall, or may have, for any claims that were brought or that could have been brought by Plaintiffs against Defendants in the Lawsuit, including without limitation all Wage Claims from the beginning of the world to the date that an Order is signed by any presiding United States District Judge or United States Magistrate Judge authorizing the Parties to settle this Lawsuit based on the terms of this Agreement (hereinafter referred to as the "Effective Date").

3.  **Defendants' Commitments.** In exchange for the promises made herein by Plaintiffs contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a) Defendants agree to provide to Plaintiffs the total settlement sum of Fifty-Seven Thousand Five Hundred Dollars and No Cents ($57,500.00) (the "Settlement Amount") in consideration for and in full satisfaction of all Wage Claims of Plaintiffs as more fully discussed below.

(b) From the Settlement Amount, Plaintiffs' counsel, Harrison, Harrison & Associates, Ltd., Esq., will be paid the sum of $19,500.00 as and for their payment for attorneys' fees ($19,000.00 representing 1/3rd of the net proceeds) and the costs associated with prosecuting the Lawsuit which total $500.00.

(c) The balance of thirty eight thousand dollars ($38,000.00) shall be paid to Plaintiffs as follows: Gregorio Rojas (40%) - $15,200, and John Rincon and Luis Guerrero (30% each) - $11,400 each.

(d) The Settlement Amount shall be paid in five equal installments – with each installment sent via check delivered by overnight mail (with tracking) to David Harrison, Esq., 110 Highway 35, 2nd Floor, Red Bank, NJ 07701 or by wire to Plaintiffs' counsel's escrow account - of $11,500 as follows[1]:

- i. $11,500 by July 15, 2023;
- ii. $11,500 by August 15, 2023;
- iii. $11,500 by September 15, 2023
- iv. $11,500 by October 15, 2023
- v. $11,500 by November 15, 2023

---

[1] Until this Agreement is approved by the Court, TNF agrees to pay the sums set forth below to its counsel, Cermele & Wood LLP, which shall hold the funds in escrow and remit them to Plaintiffs' counsel upon the Court's approval of this Agreement.

4.      Non-Admission of Wrongdoing. Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendants.

5.      Interpretation. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement. The singular shall include the plural and vice versa.

6.      Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same Agreement. A docusigned agreement, signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

7.      Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of law principles. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party, regardless as to which Party may have drafted the language in question. Any action or proceeding by any of the Parties to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York. The Parties hereby irrevocably submit to the non-exclusive jurisdiction of said court and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

8.      Non-Disparagement. Once the Parties have signed this Agreement, no Party will do or say anything, directly or indirectly, that disparages, reflects negatively on, or otherwise detrimentally affects any other Party to this Agreement, its officers, owners, products, or services. If asked about this Lawsuit, the Parties may state that it was amicably resolved and refer the inquiring person to information that is publicly-available on the docket for this Lawsuit.

9. <u>Enforcement.</u> Nothing in this Agreement limits any Party's right to obtain preliminary or permanent injunctive relief if another Party breaches this Agreement, plus any additional relief determined to be appropriate by a court of competent jurisdiction.

10. <u>Entire Agreement</u>. This Agreement is the complete understanding between the Parties with respect to the subject matter hereof. It fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. Plaintiffs represent and acknowledge that in executing this Agreement, they do not rely upon any representation or statement made by any of Defendants or Defendants' representatives with regard to the subject matter, basis, or effect of this Agreement, other than those contained herein. This Agreement may not be changed in any respect, except by Court Order or a writing, duly executed by the Parties or authorized representatives of the Parties.

11. <u>Severability</u>. The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of this Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar, as applicable, any and all Wage Claims Plaintiffs may have against the Releasees.

12. <u>Advice of Counsel</u>. Plaintiffs acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiffs and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they

understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

13. <u>Voluntary Agreement.</u> Plaintiffs and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

14. <u>Court Approval of Settlement Agreement</u>. The Parties agree that the Court's approval of this Agreement as fair and reasonable and the subsequent dismissal of the Lawsuit with prejudice is a condition precedent to Defendants' promises in this Agreement. Plaintiffs and Defendants understand that counsel will jointly submit an application to the Court for approval of this settlement as fair and reasonable. The Parties will ask the Court to retain jurisdiction over the enforcement of the terms of this Agreement.

15. <u>Execution</u>.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The Plaintiffs fully understand that this Agreement generally releases, settles, bars, and waives any and all employment claims and Wage Claims that they possibly could have against Releasees. The Plaintiffs further represents that they are fully satisfied with the advice and counsel provided by their attorneys.

(b) Upon the complete execution of this Agreement, Plaintiffs' counsel and Defendants' counsel shall sign the Stipulation and Order of Voluntary Dismissal with Prejudice, and Plaintiffs' counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c) Plaintiffs fully understand the terms of this Agreement.

16. <u>Further Representations</u>. Plaintiffs hereby represent and agree as follows:

- Plaintiffs no longer work for Defendants, and are not entitled to reinstatement.

- Plaintiffs are signing this Agreement in their own legal names and not on behalf of someone else, and Plaintiffs have provided proof of their identity acceptable to Defendants.

- With the payment of the Settlement Payment noted above, Plaintiffs acknowledge that they will not receive, and are not entitled to, any other payments from Defendants;

- This entire document was translated and read to Plaintiffs in their native language (Spanish) prior to Plaintiffs signing it in the presence of their counsel;

- Plaintiffs have been given the opportunity to ask questions about this Agreement and all of Plaintiffs' questions, if any, have been satisfactorily answered;

- Plaintiffs have consulted with an attorney before signing below;

- Plaintiffs believes that this Agreement represents a fair and reasonable compromise of the claims they raised in the Lawsuit; and

- Plaintiffs are signing this Agreement knowingly and voluntarily.

17. Plaintiffs fully understand the terms of this Agreement. HAYING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL HARRISON, HARRISON & ASSOCIATES, LTD., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

*[Signatures on Following Page to follow]*

**GREGORIO ROJAS**

_____
Signature

**JOHN RINCON**

_____
Signature

**LUIS GUERRERO**

_____
Signature

**TOP NOTCH FINISHES, INC.**

_____
Signature

_____
**By:**

_____
Title:

**CONOR McKENNA**

_____
Signature

| | |
|---|---|
| **GREGORIO ROJAS** | **TOP NOTCH FINISHES, INC.** |
| _____ | *[signature]* |
| Signature | Signature |
| **JOHN RINCON** | *Conor McKenna* |
| | By: |
| _____ | *President* |
| Signature | Title: |
| **LUIS GUERRERO** | **CONOR McKENNA** |
| | *[signature]* |
| _____ | |
| Signature | Signature |

DocuSign Envelope ID: 5E58244E-F69D-4186-AF7E-28ACE016A2CE

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREGORIO ROJAS, JOHN RINCON, LUIS GUERRERO,
On behalf of themselves and all other Similarly situated,

*Plaintiffs*,

-against-

TOP NOTCH FINISHES, INC. and CONOR MCKENNA,

*Defendants*.

No. 1:22-cv-10105-JLR

**STIPULATION AND
ORDER OF
VOLUNTARY
DISMISSAL
WITH PREJUDICE**

Upon the joint application of Plaintiffs and Defendants in the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the Parties' Settlement Agreement, and the Parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**HEREBY ORDERED AS FOLLOWS:**

1. The duly executed Settlement Agreement, which includes, among other things, a waiver and release of the Plaintiffs claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law as amended, has been negotiated in good faith and at arm's length by the Parties through their attorneys;

2. The Settlement Agreement is approved as a fair and reasonable disposition of the Plaintiffs' claims;

3. This action, including all claims asserted by the Plaintiffs herein, is hereby dismissed with prejudice as against all Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

4. The Court shall retain jurisdiction to enforce the terms of this Agreement.

| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
|---|---|
| Harrison & Associates, Ltd., Esq., | Michael R. Wood |
| 110 State Highway 35, Suite 10 | CERMELE & WOOD LLP |
| Red Bank, NJ 07701 | 2 WESTCHESTER PARK DRIVE, STE 110 |
| (718) 799-9111 Phone | WHITE PLAINS, NY 10604 |
| By: *David Harrison, Esq.* (DocuSigned) | By:_____ |
| David Harrison | Michael R. Wood |
| Dated: 6/20/2023 | Dated: _____ |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2022

United States District Judge

*Attorneys for Plaintiff*

Harrison & Associates, Ltd., Esq.,

By:

    David Harrison

Dated:

CERMELE & WOOD LLP

Michael R. Wood

Patrick J. Rohan

*Attorneys for Defendants*

2 WESTCHESTER PARK DRIVE, STE 110
WHITE PLAINS, NY 10604

By: _____

    Patrick J. Rohan

Dated: 6/23/23

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

    SO ORDERED this ___ day of _____, 2022

    United States District Judge